IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TINA MCCORD** **PLAINTIFF**

v.                                        Civil No. 1:24-cv-289-HSO-BWR

**STATE FARM FIRE AND
CASUALTY COMPANY**                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING STATE FARM FIRE AND CASUALTY COMPANY'S MOTION [3] TO DISMISS

Defendant State Farm Fire and Casualty Company's Motion [3] to Dismiss asserts that Plaintiff Tina McCord lacks standing to bring this insurance dispute involving property damage incurred by her deceased father because his estate had not been opened at the time of the filing of the Complaint [1-1] in this case. The Court agrees and will grant the Motion [3] to Dismiss for lack of standing and dismiss Plaintiff's Complaint [1-1] without prejudice.

## I. BACKGROUND

On August 29, 2021, Hurricane Ida damaged Ferdinand Loyacano's ("Loyacano") residence, which was insured under a homeowner's insurance policy issued by Defendant State Farm Fire and Casualty Company ("Defendant" or "State Farm"). Compl. [1-1] at 2. Loyacano reported the loss to State Farm, which completed an initial loss adjustment of $2,343.39. *Id.* The Complaint [1] alleges that Plaintiff Tina McCord ("Plaintiff") retained a licensed public adjuster, who

calculated that the damages amounted to $174,825.48. *Id.* Responding to that estimate, State Farm revised its estimate to $2,475.91. *Id.*

On October 7, 2021, Loyacano sold his home, and on February 14, 2023, he passed away. *Id.* Plaintiff alleges that in his will, Loyacano named her "as heir and executor of his estate[,]" *id.*, and, purporting to proceed on behalf of Loyacano's estate, she filed this lawsuit on August 26, 2024, in the Circuit Court of Pearl River County, Mississippi, advancing survival claims for breach of contract and reckless disregard of Loyacano's rights, *id.* at 3-6. In her prayer for relief, Plaintiff asked that "[t]his Honorable Court order Tina McCord be the administrator of Ferdinand Loyacano['s] Estate for the purposes of this claim until the probate court issues letters testamentary." *Id.* at 7.

State Farm removed the case to this Court, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Not. [1] at 4-5. It then filed the instant Motion [3] to Dismiss, asserting that Plaintiff lacks standing to bring a survival claim because Loyacano's estate had not been opened, and because Plaintiff had not been designated the executor of the estate by a chancery court judge at the time of the filing of the Complaint [1-1]. Mem. [4] at 3-5. Plaintiff responded that the Court must treat her allegation that she is the executor of the estate as true at the Federal Rule of Civil Procedure 12(b)(1) stage, and requested that, "if the Court is at all inclined to consider granting the instant motion," it instead stay these proceedings and permit her leave to amend and substitute the estate. Resp. [8] at 3-4. State Farm countered that Mississippi law requires that, in order to bring a

survival claim, an estate be open at the time of filing suit and that, even at this motion to dismiss stage, the Complaint [1-1] does not clearly allege that an estate had been opened. Reply [9] at 1-2. It maintained that Plaintiff conceded as much in her Response [8] by stating that "she 'is in the process of opening an estate for the deceased insured Ferdinand Loyacano and intends to seek leave to add the estate as a party.'" *Id.* at 2-3 (quoting Resp. [8] at 1).

## II.  DISCUSSION

A.  <u>Relevant Legal Authority</u>

Courts reviewing whether a plaintiff has the right to maintain a lawsuit brought under state law do so under the prudential standing doctrine. *See Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504-05 (5th Cir. 2015). "Prudential standing requirements exist in addition to the immutable requirements of Article III as an integral part of judicial self-government." *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009) (quotations omitted). One principle of prudential standing requires "that a plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *United States v. Johnson*, 632 F.3d 912, 919-20 (5th Cir. 2011) (quotations omitted).

The Fifth Circuit has clarified that when a court dismisses a case for lack of prudential standing based upon a party's failure to assert its own rights, it does so for a lack of jurisdiction. *Superior MRI Servs., Inc.*, 778 F.3d at 506. A "motion to dismiss for lack of standing may be either 'facial' or 'factual.'" *Id.* at 504 (quoting

*Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). "Where, as here, the movant mounts a facial attack on jurisdiction based only on the allegations in the complaint, the court simply considers the sufficiency of the allegations in the complaint because they are presumed to be true."[1] *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016) (quotations omitted).

B.  <u>Analysis</u>

Mississippi's survival statute provides that "[e]xecutors, administrators, and temporary administrators may commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted." Miss. Code Ann. § 91-7-233; *Caves v. Yarbrough*, 991 So. 2d 142, 149 n.9 (Miss. 2008) (highlighting that Mississippi's survival statute "allows personal actions of a decedent to be pursued after his or her death"). Breach of contract claims constitute personal actions under Mississippi law. *In re Est. of Beckley*, 961 So. 2d 707, 710 (Miss. 2007) ("The term 'personal action' as used in [Mississippi Code Annotated § 91-7-233] means an action for recovery of personal property, for breach of contract, or for injury to person or property.").

The Complaint [1] does not cite a specific statute, but Plaintiff invokes the survival statute by bringing insurance claims for property damage that belonged to her deceased father. *See* Compl. [1-1] at 2-7. The Mississippi Supreme Court has made clear that "[i]n the event the litigants wish to pursue a claim on behalf of the

---

[1] Defendant contends that it is making a factual attack, but "[a]n attack is 'factual' rather than 'facial' if the defendant 'submits affidavits, testimony, or other evidentiary materials.'" *Superior MRI Servs.*, 778 F.3d at 504 (quoting *Paterson*, 644 F.2d at 523). State Farm has not submitted any evidence to support its argument. *See* Mot. [3].

4

estate of the deceased, such estate must, of course, be opened and administered through the chancery court." *Long v. McKinney*, 897 So. 2d 160, 174 (Miss. 2004); *see also Burley v. Douglas*, 26 So. 3d 1013, 1018-20 (Miss. 2009) (holding that the plaintiff did not have standing as personal representative of an estate under a similar provision of Mississippi's wrongful death statute because at the time he filed the action, no estate had been opened); *Delta Health Grp., Inc. v. Est. of Pope ex rel. Payne*, 995 So. 2d 123, 125-26 (Miss. 2008) (finding that no standing existed under Mississippi's survival statute because plaintiff failed to open the estate before filing and a plaintiff cannot be an administrator of an estate that does not exist).

The Mississippi Supreme Court has held that a plaintiff bringing a survival claim must be the administrator "as of the *commencement* of suit." *Delta Health Grp.*, 995 So. 2d at 126 (emphasis in original) (quotations omitted). Thus, opening an estate after a lawsuit is filed and then naming a plaintiff as the administrator of that estate does not cure a lack of standing at the time of filing the lawsuit.[2] *See id.*

---

[2] To the extent Plaintiff seeks leave to substitute the estate as a party, such request should be denied as futile. *See* Resp. [8] at 4. Even if she were able to substitute the estate as a party, this would not change the fact that Plaintiff was not the administrator at the time she filed suit. *See Delta Health Grp.*, 995 So. 2d at 126; *Burley*, 26 So. 3d at 1020. Moreover, if the Court treated Plaintiff's failure to open Loyacano's estate before filing this case as a real-party-in-interest issue as opposed to a standing issue, Federal Rule of Civil Procedure 17(a)(3) only prevents the Court from dismissing a case for a failure to bring a claim as the real party in interest if a plaintiff has not been afforded a reasonable time after an objection is raised "for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). State Farm filed its Motion [3] on October 1, 2024, *see* Mot. [3], and Plaintiff filed her Response [8] on October 15, 2024, stating that she was attempting to open the estate and would seek leave to add it as a party, Resp. [8] at 1. But to date, Plaintiff has not sought leave from the Court to substitute, and seven months have passed since Defendant's objection, which is more than a reasonable time for Plaintiff to file a motion seeking leave to add the estate. And even if she had sought such leave, the Fifth Circuit has held that Rule 17(a)(3) is only applicable "when the plaintiff brought the action in her own name as the result of an understandable mistake, because the determination of the correct party to bring the action is difficult." *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 308 (5th Cir. 2001). Mississippi law clearly states that an administrator or executor of an estate is the proper plaintiff under Mississippi's survival statute, *see Delta Health Grp.*, 995 So. 2d at 125-26, and by requesting in the Complaint [1-1] that

("The fact that [the plaintiff] subsequently was appointed as administrator does not change the undisputable fact that [the plaintiff] lacked standing to *commence* the suit." (emphasis in original)); *Burley*, 26 So. 3d at 1020 ("The fact that [the plaintiff] subsequently was appointed administrator of the estates of [the deceased] does not change the fact that [the plaintiff] lacked standing, as a personal representative, to commence the suit because standing is to be determined as of the commencement of suit." (quotations omitted)).

Under the standard for a facial attack, the inquiry turns upon whether the Complaint's [1-1] allegations are sufficient to establish standing. *Lee*, 837 F.3d at 533. Although the Complaint [1-1] makes a general statement that Plaintiff is heir[3] and executor of Loyacano's estate, it only supports that assertion by alleging that such is stated in Loyacano's will. *See generally* Compl. [1-1]. At no point does the Complaint [1-1] contend that the estate had actually been opened, or that Plaintiff had been appointed executor or administrator of the estate by a chancery court judge. *Id.* Thus, Plaintiff's claim that she is heir and executor to the estate constitutes an unsupported conclusory assertion.

---

the Court name her administrator or executor, Plaintiff was clearly aware of this requirement at the time of filing, *see* Compl. [1-1] at 7. As for any understandable mistake, Plaintiff has not provided any excuse or explanation in her Response [8] for why she did not open the estate prior to filing suit, particularly given that Loyacano passed eighteen months before Plaintiff filed the Complaint [1-1]. *See id.* at 1-2.

[3] Plaintiff's status as "heir" is likewise insufficient to authorize her to bring a personal action on behalf of the decedent under Mississippi's survival statute, which only allows "[e]xecutors, administrators, and temporary administrators" of an estate to bring such claims. Miss. Code Ann. § 91-7-233; *see also In re Est. of England*, 846 So. 2d 1060, 1068 (Miss. Ct. App. 2003) (highlighting that personal injury claims that did not cause the decedent's death "must be recovered, if at all, under the survival statute at a suit by the personal representative, not by the next of kin or heirs at law" (quotations omitted)).

Moreover, the Complaint [1-1] requests that the Court enter an order making Plaintiff administrator of the estate for purposes of maintaining this suit because a chancery court had not issued letters testamentary. *Id.* at 7. This contradicts the Complaint's [1-1] assertion that Plaintiff was already the executor and administrator of the estate. Plaintiff then states in her Response [8] that she is "in the process of opening an estate for the deceased insured Ferdinand Loyacano and intends to seek leave to add the estate as a party." Resp. [8] at 1. In sum, Plaintiff's contention in the Complaint [1-1] that she is executor of Loyacano's estate is contradicted by both the Complaint [1-1] itself and by her representations to the Court in her Response [8]. As such, the Complaint [1-1] does not adequately allege that Plaintiff has standing to bring this suit.

Because Plaintiff has not sufficiently shown that she has standing to bring this suit, Defendant State Farm's Motion [3] should be granted, and the Complaint [1-1] should be dismissed without prejudice for a lack of standing.

### III.  CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant State Farm Fire and Casualty Company's Motion [3] to Dismiss is **GRANTED**, and Plaintiff Tina McCord's Complaint [1-1] is **DISMISSED WITHOUT PREJUDICE**

for a lack of standing.  The Court will enter a separate final judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 16th day of May, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE